UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **VESAL YAGHOOBI,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 24-11345-FDS |
| **EQUAL EMPLOYMENT OPPORTUNITY** ) | |
| **COMMISSION,** ) | |
| ) | |
| Defendant. ) | |

## ORDER

**SAYLOR, C.J.**

On May 20, 2024, Vesal Yaghoobi initiated this action against defendant, the Equal Employment Opportunity Commission ("EEOC"), challenging its handling of her employment discrimination claim against Tufts University Medical Center. Between May and July 2024 she filed several additional pleadings under various names, each alleging, in substance, that the EEOC incorrectly handled her claim and provided her with misleading legal advice.

On August 5, 2024, Magistrate Judge Donald L. Cabell issued a Report and Recommendation advising that the action be dismissed in its entirety for lack of jurisdiction based on the sovereign immunity of the United States. The magistrate judge directed plaintiff to file any objections to the recommendation of dismissal within 14 days of service in accordance with Fed. R. Civ. P. 72(b). Plaintiff timely filed an objection to the Report and Recommendation, arguing that her allegations "go[ ] beyond the scope of discretionary functions protected by sovereign immunity;" that the magistrate judge did not consider that her claims may

fall within the Federal Tort Claims Act waiver of sovereign immunity; that the Administrative Procedure Act provides for judicial review; and that the EEOC's actions in her case amount to a due process violation. She also requested leave to file electronically.

Sovereign immunity applies until it is waived, regardless of the type of claim a plaintiff brings. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The plaintiff must point to a waiver of sovereign immunity to maintain her suit against the United States, regardless of how discretionary the actions she contests are, and even if these actions implicate a denial due process. *See id.* Furthermore, because sovereign immunity is a constitutional principle, no statute can supersede it. *Cf. Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 56 (1996) ("'A general authorization for suit in federal court is not the kind of unequivocal statutory language sufficient to abrogate the Eleventh Amendment.'") (quoting *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 246 (1985)). Accordingly, the provision of the Administrative Procedure Act allowing judicial review of final agency action, 5 U.S.C. § 702, cannot overcome the sovereign immunity of the United States.

Furthermore, contrary to her contention, the Federal Tort Claims Act does not waive sovereign immunity as to plaintiff's claims. The FTCA waives sovereign immunity for "claims against the United States . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b). Plaintiff requests relief for "distress and delays" and for a reconsideration of the EEOC's determination "in a formal legal setting." (ECF 7 at 3; ECF 4 at 8). Those are not claims for property damage, personal injury, or death. Therefore, the magistrate judge correctly determined that there has been no waiver of sovereign immunity and the Court has no jurisdiction over plaintiff's claims.

Upon review and careful consideration of the Report and Recommendation of the Magistrate Judge, the Court hereby ADOPTS the recommendation in its entirety.  *See* 28 U.S.C. § 636(b)(1).  Accordingly, the action is DISMISSED, and the pending motion for leave to file is DENIED as moot.  The clerk is directed to enter a separate order of dismissal.

**So Ordered.**

Dated:  October 3, 2024

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court